UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Tammy Sue Tansey,   Case No. 04-58641-R

    Debtor.   Chapter 7
_____/

Loranger Family Chiropractic Center,

    Plaintiff,   Adv. No. 04-4974-R

    v.   Adversary Proceeding

Tammy Sue Tansey,

    Defendant.
_____/

Opinion

    This adversary proceeding is before the Court following trial. The plaintiff contends that the debt owing to it by the debtor for chiropractic services in the amount of $15,024.40, secured by an executed lien on the proceeds of her worker's compensation claim, should be held nondischargeable under 11 U.S.C. § 523(a)(2). The plaintiff also contends that the debt should be held nondischargeable under section 523(a)(6) for a wilful and malicious injury. In this regard, the plaintiff seeks treble damages for unlawful conversion under applicable Michigan law. Finally, the plaintiff seeks a denial of the debtor's discharge under 11 U.S.C. § 727(a), for false oath and for transfers and concealment of assets.

    The debtor denies committing any conduct that warrants the relief sought by the plaintiff.

The burden of proof is on the plaintiff to establish by a preponderance of the evidence the facts justifying relief. *Grogan v. Garner*, 498 U.S. 279, 111 S. Ct. 654, 112 L. Ed.2d 755 (1991); *Keeney v. Smith* (*In re Keeney*), 227 F.3d 679, 683 (6th Cir. 2000).

The Court concludes that the evidence does not establish that the debtor knowingly and fraudulently made a false oath or account under 11 U.S.C. § 727(a)(4)(A). It is clear that the debtor's schedules and statement of financial affairs are false in several material respects. First, the debt to the plaintiff is disclosed in schedule F as unsecured and not in schedule D as a secured debt, although the plaintiff had signed a lien in favor of the plaintiff. Second, from the $24,000 settlement of her worker's compensation claim in March of 2004, the debtor made several insider transfers that were not disclosed, including to her grandmother and her daughter. Third, although the debtor disclosed a transfer of $17,000 to her father, the evidence established that she actually paid him only $1,000 on account of an antecedent debt and approximately $9,000 for him to hold for her. Nevertheless, the Court concludes that there is insufficient evidence that the debtor made these false statements knowingly and fraudulently, and that therefore these false statements do not constitute grounds to deny the debtor's discharge.

The Court concludes that the evidence does establish that the debtor, with intent to hinder and delay the plaintiff, transferred property within a year before filing bankruptcy and that, therefore, her discharge must be denied under 11 U.S.C. § 727(a)(2)(A). The evidence overwhelmingly establishes that the debtor and her father cooperated in transferring approximately $9,000 from the worker's compensation settlement proceeds to his name for the stated and agreed purpose of keeping this money from the plaintiff. The testimony from both clearly establishes that the debtor simply did not want any of the settlement proceeds to be paid to the plaintiff. She testified that she had assumed, or was told, that worker's compensation would pay this debt. Perhaps that is so, but when she heard otherwise, she acted to make

this transfer to protect her assets from collection by the plaintiff. This is the very conduct that results in a denial of discharge under this section.

The Court further concludes that the evidence also warrants a denial of discharge under 11 U.S.C. § 727(a)(3) and (5) for failing to keep adequate records from which her financial condition and transactions might be ascertained and for failing to explain satisfactorily a deficiency of assets to pay her debts.

> Section 727(a)(3) requires the debtor to provide creditors "with enough information to ascertain the debtor's financial condition and track his financial dealings with substantial completeness and accuracy for a reasonable period past to present." *In re Martin*, 141 B.R. 986, 995 (Bankr. N.D. Ill.1992). "The adequacy of debtor's records must be determined on a case by case basis. Considerations to make this determination include debtor's occupation, financial structure, education, experience, sophistication and any other circumstances that should be considered in the interest of justice." *United States v. Trogdon* (*In re Trogdon*), 111 B.R. 655, 658 (Bankr. N.D. Ohio 1990).

*In re Strbac*, 235 B.R. 880, 882 (B.A.P. 6th Cir. 1999).

The debtor testified both in a deposition and at trial about the proceeds of her $24,000 settlement. There is only one thing that emerges clearly from that testimony - there is very little left from the settlement. The debtor provided no coherent, credible or documented explanation of what happened to the money. The debtor's testimony and evidence was confused and ambiguous, and simply does not permit her financial condition and transactions to be ascertained. Moreover, that she accounted the best she could is not a proper justification for this failure; otherwise discharge objections like this one could never be sustained. For the same reason, the Court must conclude that the debtor's explanation of the deficiency of her assets to pay her debts was not satisfactory. *In re Hansen*, 325 B.R. 746, 762-63 (Bankr N.D. Ill. 2005 ("Where, however, there has been a "'sudden and large dissipation of assets,'" the absence of

records will warrant the denial of the debtor's discharge."(citations omitted)). The debtor's debts consist only of the $15,027.40 owed to the plaintiff and $2,343.27, for a total of $17,370.67. The settlement proceeds were plainly sufficient to pay these debts, but the debtor chose not to pay them and not to give an adequate accounting. That is not satisfactory.

The Court further concludes that the evidence does not warrant a finding that the debt should be held nondischargeable under 11 U.S.C. § 523(a)(2) for fraud or false pretenses. The evidence that the debtor incurred the debt without intending to pay and thus to intentionally deceived the plaintiff is insufficient. The debtor testified that while she was incurring the debt for her chiropractic care from the plaintiff, she thought that the debt would be paid by worker's compensation and that therefore she had no intent to cheat the plaintiff. The Court cannot find that this testimony was so unreasonable that it lacked credibility and the plaintiff submitted no evidence to rebut it. This claim will be dismissed.

Finally, the Court concludes that the evidence establishes that the debtor did wilfully and maliciously injure the plaintiff's property under 11 U.S.C. § 523(a)(6) and that therefore the debt is nondischargeable. Indeed the debtor admitted that she transferred $9,000 from the settlement to keep it from the plaintiff. Her justification was that she did not realize that she had signed a lien on the settlement for the plaintiff. The Court however finds that this justification lacks credibility. She did sign the lien and the plaintiff's evidence convincingly established that the debtor was given an opportunity to read the paper and that it was explained to her. The transfer that caused the injury to the plaintiff's lien was wilful in that it was intentional, and it was malicious in that it was without just cause or excuse. The evidence further establishes that the debtor intended to injure the plaintiff through this transfer.

However, the Court cannot find that the debtor's conduct constitutes conversion of the plaintiff's property warranting treble damages under Michigan law. M.C.L. 600.2919a.

In conclusion, the Court will enter an order denying the debtor's discharge under 11 U.S.C. § 727(a)(3) and (5), and holding the debtor's debt to the plaintiff nondischargeable under 11 U.S.C. § 523(a)(6). The remainder of the plaintiff's claims will be dismissed.

Not for Publication

**Entered: November 29, 2005**

                                          **/s/ Steven Rhodes**
                                          **Steven Rhodes**
                                          **Chief Bankruptcy Judge**